IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKY LEE FRANKLIN                                                          PLAINTIFF

v.                          Civil No. 2:18-CV-02063

JERRY DON RAMEY,                                        DEFENDANTS
Scott County Circuit Judge;
TINA MARTIN,
Scott County Probation Officer;
JAKE PENNINGTON,
Scott County Probation Officer;
BILLY CORNAHAN,
Scott County Deputy Sheriff;
DARELL PYLES; MARCUS VADEN;
TOM TATEM;[1] JOHN DOES;
JERRY RYAN,
Scott County District Judge

**ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on October 5, 2017, in the Eastern District of Arkansas. (ECF No. 2). It was transferred to this District on March 27, 2018. (ECF No. 3). On March 29, 2018, the Court entered an Order directing Plaintiff to file an Amended Complaint. (ECF No. 7). Plaintiff filed his Amended Complaint on April 16, 2018. (ECF No. 10).

---

[1] Plaintiff listed the spelling as Tatem for this Defendant in the Complaint. The correct spelling for this Defendant's last name is Tatum.

1

Plaintiff's allegations arise from a search of his premises by probation officers and Scott County Sheriff's deputies on February 27, 2014, his subsequent prosecution for burglary and theft in November 2014, and his sentencing in December of 2014. (ECF No. 10).[2]

Plaintiff alleges Judge Ramey, on December 2, 2014, violated his double jeopardy rights when he sentenced him twice for one burglary. Plaintiff alleges he was sentenced to pay $3,900.00 in restitution when the amount, by law, should have been $90.00. He further alleges he was charged restitution for the theft charge, which was dismissed. (ECF No. 10 at 4).

Plaintiff alleges Defendant Tatum, a prosecutor, filed a "false police report" which charged him with burglary, theft, and a probation violation. (ECF No. 10 at 3, 5). Plaintiff alleges Tatum "pressed the issue" of restitution, forcing Plaintiff to pay excessive restitution. (ECF No. 10 at 5).

Plaintiff alleges Defendants Martin and Pennington allowed the Sheriff's deputies to "use [their] authority" as probation officers to permit the police to search for evidence when there was no probable cause for a search. (ECF No. 10 at 5-6).

Plaintiff alleges Defendants Pyles and Cornahan "used the authority of probation officers" to enter Plaintiff's premises without probable cause. Plaintiff alleges Pyles found two propane bottles and promptly arrested him without explaining why or reading him his rights. (ECF No. 10 at 6).

---

[2] Plaintiff also repeats a claim concerning his wife in the narrative for each Defendant. Specifically, he alleges an unnamed "police jailer" masturbated on his wife in a cell, and was permitted to resign rather than be charged for his actions. (ECF No. 10 at 4-8). It is well-established that § 1983 does not confer standing because it does not confer any substantive rights. *Tarsney v. O'Keefe*, 225 F.3d 929, 939 (8th Cir. 2000). "If a plaintiff has not suffered an injury [due to the conduct of the defendant], there is no standing and the court is without jurisdiction to consider the action." *Id.* at 934; *see also Siebert v. Severino*, 256 F.3d 648, 655 (7th Cir. 2001) (husband lacked standing to pursue a § 1983 claim for violation of his wife's Fourth Amendment rights); *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986) (wife lacked standing for a § 1983 claim based on her husband's shooting by police because she was not in the line of fire and was not injured). As Plaintiff does not have standing to bring a claim on behalf of his wife, this claim will not be addressed.

Plaintiff alleges Judge Ryan knowingly and willfully signed an invalid "fake search warrant for Defendant Pyles to help cover up a[n] illegal search." (ECF No. 10 at 7). Plaintiff alleges the search occurred at 9:30 a.m. on February 27, 2014, and Judge Ryan signed the search warrant at 2:38 p.m. the same day.

Plaintiff alleges Defendant Vaden, the Chief Deputy Prosecuting Attorney, filed a "false police report" which charged him with burglary, theft, and a probation violation. He further alleges Vaden "pressed the issue" of restitution, forcing Plaintiff to pay excessive restitution. (ECF No. 10 at 8).

Plaintiff proceeds against Defendants in their personal and official capacities for all claims. (ECF No. 10 at 11-13). Plaintiff seeks compensatory and punitive damages. (ECF No. 10 at 14). Plaintiff also asks that all property taken from him be returned, his vehicle be repaired, the charges be dismissed, and the restitution payments be stopped or stayed. (ECF No. 10 at 14).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff

3

must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Judge Ramey and Judge Ryan

Judge Ramey and Judge Ryan are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the Complaint that neither of those two situations apply here.

### B. Prosecuting Attorneys Tatum and Vaden

Plaintiff's claims against both prosecuting attorneys are subject to dismissal. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial

4

immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized.") (internal quotation omitted).

### C. Probation Officer Martin, Probation Officer Pennington, Deputy Sheriff Cornahan, and Deputy Pyles

Plaintiff alleges the search on February 27, 2014, was illegal because the Sheriff's deputies did not have probable cause for a search. He alleges that the deputies used the authority of the probation officers to search his premises without a warrant. Plaintiff's claims against Defendants Martin, Pennington, Cornahan, and Pyles for the February 27, 2014, search are barred by the statute of limitations. The statute of limitations for § 1983 claims is the state statute of limitations for personal injury actions. *Morton v. City of Little Rock*, 934 F. 2d 180, 183 (1991) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). In Arkansas, this period is three years. *Id.* (referencing Ark. Code Ann. § 16-56-105). Thus, any claims Plaintiff may have had concerning the search were time-barred after February 27, 2017. Plaintiff's first Complaint in this case was filed on October 5, 2017, several months after the statute of limitations for the search had run.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 31st day of May 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE